IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. L-07-CV-10 |
| | § | |
| ALEJANDRA CASTILLO | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff United States' Motion for Default Judgment. [Dkt. No. 7]. Upon due consideration of the motion, and in light of Defendant Alejandra Castillo's failure to defend, the Court declines to grant the motion at this time, but **ORDERS** the United States to submit accounting, as set forth below.

I.     RELEVANT FACTS AND PROCEDURE

On January 19, 2007, the United States filed this action, seeking repayment of one student loan made to Alejandra Castillo on or about February 5, 1992. [Dkt. Nos. 1-1, 1-2]. The original loan was in the amount of $2,300.00 with interest to accrue at 8.41% per year. [Dkt. No. 1-2]. Castillo allegedly defaulted on this loan on November 1, 1992. [*Id.*]. The United States now seeks to recover loan principal, interest, administrative charges, attorney's fees, private process server fees, and a judgment recording fee, claiming that Castillo owes $4,510.26. [Dkt. No. 7, at 2].

The United States has submitted a Certificate of indebtedness as evidence of the fact, and amount, of Castillo's liability. [Dkt. No. 1-2]. The Certificate indicates that after Castillo

defaulted on the loan, the guaranty agency paid a claim of $2,478.33 to the holder of the promissory note. [*Id.*]. The Department of Education then reimbursed the guarantor for that claim pursuant to its reinsurance agreement. [*Id.*]. After unsuccessfully attempting to collect the debt from the borrower, the guaranty agency assigned the loan to the Department of Education on July 30, 1998. [*Id.*]. The Certificate indicates that once the United States assumed the loan, the starting principal for the loan was $2,478.33. [*Id.*]. However, the Certificate does not explain why this amount is $178.33 higher than the original total principal of $2,300.00 loaned to Castillo. The Certificate does not indicate whether, for example, interest was capitalized, or fees and/or penalties were added to the loan principal. In any case, the Department received no payments for the loan. [*Id.*].

Next, the Certificate indicates that from the time the United States assumed the loan from the guarantor agency until May 19, 1999, interest accrued in the amount of $1,058.93, but no administration or collection costs, nor late fees, were assessed. [Dkt. No. 1-2]. This resulted in a total liability of $3,537.26 as of May 19, 1999. [*Id.*]. Finally, the Certificate indicates that interest accrues on the principal at a rate of $0.57 per day. [*Id.*]. This is the interest on $2,300.00, assessed daily, at 8.41% per year.

In its complaint, the United States again asserts that Castillo owes the current principal of $2,478.33, interest (capitalized and accrued) of $1,058.93, a $350.00 filing fee for this lawsuit, and attorney's fees of $550.00 for a subtotal of $4,437.26. [Dkt. No. 1-1 ¶ 3A-E]. The complaint also states that the $2,478.33 figure reflects credits of $100.00, yet the source is unclear. [Dkt. No. 1-1, at 1].

Castillo was served with process on February 6, 2007, [Dkt. No. 3], but has not answered or otherwise sought to defend the case. On August 20, 2007, the United States moved for entry

of Default Judgment. [Dkt. No. 4]. On August 28, 2007, the Clerk of the Court entered default against Castillo. [Dkt. No. 5]; *see* Fed. R. Civ. P. 55(a).

## II.   LEGAL STANDARD AND DISCUSSION

The United States may collect on this loan pursuant to 20 U.S.C. § 1087gg, which also expressly allows reimbursement for costs incurred in attempting to collect on a loan. Moreover, while Castillo defaulted on the loan fifteen years ago, there is no applicable statute of limitations which prevents collection at this time. *See* 20 U.S.C. § 1091a. Finally, assessment of interest and attorney's fees is proper under 34 C.F.R. §§ 682.103(e) and 682.202(g).

Entry of default judgment is to be entered by the Court upon application by the party entitled to such judgment. Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) states, however: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages[,] . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ."

Here, after being served with process, Castillo has "failed to plead or otherwise defend" as set forth in Rule 55(a). Castillo's liability as to the loan is thus established. Entry of default judgment would be proper at this stage, were it not for discrepancies in the United States' accounting of what it claims Castillo must now pay. Specifically, the United States has not explained why the loan principal changes from the $2,300.00 lent to Castillo, to $2,478.33 in the hands of the guarantor and the United States. It is not clear why interest should have accrued on this amount, and not on the lower original loan principal. Finally, the United States has not indicated what prejudgment interest should be after May 19, 1999. Because the Court deems it necessary to take an additional accounting of these unexplained figures before rendering default judgment against an absentee litigant—despite that person's failure to appear or defend—it will not enter default

judgment at this time, but instead orders the United States to submit supplemental evidence reconciling the above-described discrepancies and naming a sum-certain for prejudgment interest.

### III.     ORDER

After reviewing the pleadings, evidence, and applicable law, the Court declines to grant the United States' Motion for Default Judgment against Alejandra Castillo. [Dkt. No. 7]. Instead, the Court **ORDERS** the United States to provide supplemental accounting of Castillo's liability. This accounting must explain the discrepancies in loan principal in the Certificate of Indebtedness, and provide the amount of interest Castillo owes after May 19, 1999 through the date of this Order. Finally, the accounting must set forth a single sum to which the United States claims it is entitled for the entirety of Castillo's liability.

IT IS SO ORDERED.

DONE this 29th day of October, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**